IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RYAN THOMAS BECHARD,

Plaintiff,

v.

STEVEN TERNER-MNUCHIN,

Defendant.

CIVIL NO. 17-1432 (PAD)

**OPINION AND ORDER**

Delgado-Hernández, District Judge.

Ryan Thomas Bechard initiated this action *pro se* against the Secretary of the Treasury of the United States, asserting a number of interrelated causes of action stemming from his belief that the social security number issued along with his birth certificate (or Certificate of Live Birth – "COL") is really an identification number for a German-owned insurance policy and that he has been fraudulently set up to be a volunteer surety for debts incurred by the United States justifying declaratory, injunctive and monetary relief pursuant to the Trading with the Enemy Act, 40 Stat. L 411 (1917), as amended, 50 U.S.C. § 4301. For the reasons explained below, the case is DISMISSED.[1]

---

[1] Bechard is a frequent pro se litigant whose lawsuits do not seem to survive beyond the initial stages of litigation. See, Bechard v. United States, 2017 WL 486946 (US Ct. of Federal Claims Feb. 6, 2017); Re: IMO Ryan Thomas Bechard and Family, 2016 WL 1169097, *1-2 (Del. Ch. Mar. 17, 2016); Bechard v. Rios, Civil No. 14-867, 2014 WL 7366226 (W.D. Wis. Dec. 24, 2014); Bechard v. Isaacson, 2014 WL 5802064 (W.D. Wis. Nov. 7, 2014); Bechard v. Stellick, 2014 WL 5802024 (W.D. Wis. Nov. 7, 2014); Bechard v. Wallo, 2014 WL 4463044 (W.D. Wis. Sept. 10, 2014); In re Bechard, 2014 WL 3671419 (W.D. Wis. July 21, 2014); Bechard v. Hartnell-Hartnell, Docket No. 24 in Civil No. 18-1269 (D.P.R. October 16, 2018); Bechard v. Buffalo County, Docket No. 25 in Civil No. 18-1228 (D.P.R. August 20, 2018); Bechard v. Hollister, Docket No. 49 in Civil No. 17-1004 (D.P.R. June 9, 2017). He has been sanctioned for what a court has described as his practice of filing complaints that plainly lack subject matter jurisdiction. See, Bechard, 2014 WL 7366226 at *2 (so noting).

I.     **PROCEDURAL BACKGROUND**

On April 4, 2017, Bechard, filed a "Verified Bill in Equity for Release of Trustee, Accounting, Declaratory, Special, Supplementary and General Relief" against Steven Terner Mnuchin, Secretary of the Treasury (Docket No. 1) describing himself as ". . .a natively born national of Wisconsin." Id. at ¶ 1.[2] He filed the action in the District of Puerto Rico, as: (i) this court "is set apart from other 'courts in the United States' . . . [and] is the only Article III Federal Court;" (ii) this is a court of equity; (iii) this case involves "matters of Trust(s) which can be only be adjudicated in exclusive jurisdiction of Equity"; (iv) "[c]ourts of Chancery have exclusive jurisdiction of all matters arising out of trusts of all kinds, express, resulting and constructive;" and (v) only a "Federal Article III Judge in the capacity of Chancellor in the exclusive jurisdiction of Equity" can adjudicate this suit.

The Verified Bill states that Bechard trusted and relied on "his public servants" (who are not listed in the Bill) who led him to believe that the birth certificate and social insurance policy number and social security number was just for informational purposes only. Id. at ¶ 38. Instead, it claims Bechard was "fraudulently set up to be a surety debtor and trustee to the 'United States'/CoLB person-corporation business entity underwritten and indebted by a social insurance policy of the German Empire." It goes on to assert that mistakenly, in error, and unknowingly, Bechard "accepted office as a trustee and 'acted as a trustee' to an implied trust by use of the numbers on said card to get a job and open bank accounts," and signed as a citizen of the United States, even though he is a "National" of Wisconsin.

---

[2] The Verified Bill was docketed as a "Complaint" in the court's electronic filing system ("CM-ECF").

The Verified Bill describe the steps that Bechard and a friend undertook to obtain the "original actual" certificate of live birth, the CoLB instrument, and a request to the Secretary of State so that Bechard and his family members be enlisted in the "Blue List" for diplomatic passports and immunities, to no avail. To this end, the Bill accuses unknown individuals of fraud for intentional concealment of something material to a transaction (id. at ¶ 43) stating that Bechard's attempts of doing equity have not produced any results. Id. at ¶ 48.

The Verified Bill includes: (i) a Cause of Action for Release of Trustee so that Bechard be released as a trustee of the United States pursuant to the Trading with the Enemy Act because he was induced to the trusteeship by fraud (id. at ¶ 58); (ii) a Cause of Action for Declaration of Political Status so that the court declare "our proper lawful political status as 'non-citizen nationals' and 'diplomatic officers;'" (iii) a Cause of Action for Accounting of the estates/business entities where all the numbers associated with the social security numbers are; and (iv) a Cause of Action for Formation of Constructive Trust declaring Bechard "cestui que trust of the money, in specie" (id. at ¶ 64). With the Verified Bill, Bechard filed an application for leave to proceed in forma pauperis (Docket No. 2), which the court denied for lack of adequate support (Docket No. 6), ordering the clerk to send Bechard copy of the proper forms to consider the pauperis request and to determine if appointment of pro bono counsel was warranted. Id.

On May 23, 2017, Bechard filed an "Ex Parte Amended Original Bill of Complaint" and an "Emergency Motion for Injunctive Relief" (Docket No. 11), seeking an order from the court to stay 42 unlawful traffic citations issued by officers of the State of Wisconsin, which Bechard was questioning in a separate case that he filed in this district. He admitted he filed the same request in the other case but the judge presiding over that other case "has not yet moved upon it." The court denied the request as it was made in the other case and ordered Bechard to inform the status

of service of process here (Docket No. 12).[3]

As to the Amended Original Bill, Bechard listed as a defendant Raul Maldonado Gautier, the Secretary of Treasury of Puerto Rico and "31 USC § 1321 Trust Funds (a) #62 Puerto Rico special fund (Internal Revenue)" (Docket No. 10 at ¶ 2), with the same four causes of action were included in the Amended Bill and several references to the bankruptcy code in a Section titled "Governing Rules," at page 7 without any background or explanation as to their relevance in the present litigation.

On June 1, 2017, Bechard filed an "Application for Writ of Subpoena and Service of Process Upon Defendant" (Docket No. 13), which the court granted in part and denied in part on June 9, 2017 (Docket No. 14), ordering the clerk to issue summons so that Bechard, not the marshals, serve process accordingly. On June 12, 2017, Bechard filed an "Emergency Motion for In-Camera Hearing" (Docket No. 15), which the court denied, stating that it would determine the next steps once defendants were served with process (Docket No. 18).

On July 17, 2017, the Puerto Rico Department of Justice, on behalf of the Secretary of Treasury, filed a "Notice of Automatic Stay of Proceedings Pursuant to the Commencement of Case Under Title III of Promesa" (Docket No. 30), in light of which the court stayed the case (Docket No. 31). Faced with the stay, Bechard filed an emergency motion to remove the Puerto Rico Secretary of Treasury as a defendant (Docket No. 32), which the court granted, lifting the stay (Docket No. 37).

On August 16, 2017, November 20, 2017, and November 21, 2017 Bechard filed ex parte motions (i.e. requesting order, to move this case from the law division to the Chancery Division in

---

[3] That sister court dismissed that other case following a motion to dismiss. See Bechard v. Hollister, Civil No. 17-1004 (WGY) at Docket No. 49.

exclusive jurisprudence of equity, for discovery, and a notice of removal) (Docket Nos. 38, 39, 40 and 41). The court: (i) denied without prejudice the request for an order as the court could not understand the request made therein; (ii) denied the motion to move the case to the Chancery division while explaining that there is no chancery division; and (iii) denied as unsupported the removal and discovery request (Docket Nos. 42, 43 and 44).

On December 1, 2017, December 4, 2017, and December 6, 2017, Bechard filed: (i) An Amended Notice of Removal (Docket No. 46); (ii) an "Ex parte Motion for Hearing" (Docket No. 47); (iii) a Supplemental pleading on jurisdiction (Docket No. 48); (iv) a motion to appoint counsel (Docket No. 50); and (v) an Ex parte Amendment of the Original Jurisdiction Section of the Bill (Docket No. 51). The court: (i) denied the request for a hearing as unnecessary at that stage; (ii) noted the supplemental pleading regarding jurisdiction expressing it it did not understand the request or the claims plaintiff asserted and had serious questions as to whether it has jurisdiction over the claims or alien's action for tort asserted (Docket No. 54); and (iv) denied the motion to appoint counsel, albeit granted Bechard a second opportunity for him to complete and submit the required forms for the court's consideration.

On December 8, 2017, Bechard filed a motion requesting order (Docket No. 57), which the court denied, reminding plaintiff that before the court made any determination as to appointment of counsel, Bechard had to complete and submit the appropriate forms (Docket No. 58). On January 4, 2018 and January 11, 2018, Bechard: (i) moved to "Amend Bill and Transfer to Admiralty Division in Ex parte" (Docket No. 60), claiming that he is a longshoreman who was permitted to transfer his action from "law side of court to admiralty," while tendering the amended bill; (ii) moved for "exclusive remedy in Equity" (Docket No. 61); and (iii) filed (1) a motion to "rescind" his previously filed motions for the court to appoint counsel stating he did no longer

need counsel (Docket No. 62); (2) a motion to seal the case (Docket No. 63); (3) a motion to expedite (Docket No. 64); and (4) a notice of filing of exhibits with the corrected Civil Cover Sheet (Docket No. 65). On March 19, 2018, Bechard informed the court he had "chosen to change [his] domicile to the Commonwealth of Puerto Rico according to the law of 1 L.P.R.A. § 8" and attached an "affidavit of political status and [form] W-8BEN" (Docket No. 67).

On March 20, 2018, the court set a hearing to provide Bechard with the opportunity to address the jurisdictional, procedural and substantive aspects of his case (Docket No. 66). To accommodate his schedule, it ordered Bechard to inform of his availability and to make arrangements to appear in person (id.) holding in abeyance all pending motions pending hearing. Id. Bechard complied (Docket No. 69). Accordingly, the hearing was set for May 25, 2018 at 2:00 p.m. (Docket No. 70). It was held as set, during which Bechard had ample opportunity to address the jurisdictional, procedural and substantive aspects of the case (Docket No. 71). The court reserved its judgment pending review of the evidence and arguments presented during the hearing and review of the transcript. Id.

On June 18, 2018, Bechard filed a supplemental pleading, stating, among other things, that the United States committed "fraud" in the form of "identity theft" (Docket No. 72), and that officers of the United States of Federal corporations in Wisconsin have seriously slandered his name by libel. Therefore, and to "completely remove [himself] … from association to [his] … original given name" and, if granted, he "will convey the new name in private to the court" Id. Further, he requested expungement of all legislative cases in the state of Wisconsin (id. at ¶ 16); restoration of reputation via order to newspapers in Chippewa Fall, City of Eau Claire and City of Mondovi demanding that they run legal notices consecutively for two months stating that all legislative cases in their respective counties have been dismissed or expunged (id. at ¶ 17); that his

marriage license contract be declared null and void – although he clarified that he is not asking for a divorce decree (id. at ¶ 18); that some land and improvement lost due to foreclosure be "placed back into seisin [sic]" that the profits produced from these properties be transferred to an account where he is the beneficiary with access to the monies (id. at ¶ 19); and, that with a final decree in this case, some other cases in this District can be dismissed and expunged (id. at ¶ 20). On August 2, 2018, he submitted another supplemental motion including what he described as a corrected Admiralty Cover Sheet (Docket No. 74). The court noted both supplemental motions (Docket Nos. 73 and 75) pointing out it would consider the information included therein when ruling on the merits of the case.

## II. STANDARD OF REVIEW

The pleadings of a *pro se* plaintiff are held to a less stringent standard than those of litigants represented by counsel. See, Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(so observing). However, a *pro se* litigant must still meet minimal pleading standards. See, Osen v. Lane, 832 F.Supp. 1525, 1527 (M.D. Fla. 1993)(articulating formulation). He must present a claim "on which the court can grant relief." See, Chandler v. Roche, 215 F.Supp.2d 166, 168 (D.D.C. 2002). Applying these standards, the case must be dismissed.

### III.  DISCUSSION[4]

A. Summary

Bechard's allegations are difficult to follow, but in the main, they are predicated on the notion that he is a trustee under the Trading with the Enemy Act (Transcript of Hearing, May 25, 2018, p. 4). [5] He alleges that he trusted and relied on public servants who led him to believe the birth certificate and social insurance policy number of the certificate of live birth were just for informational purposes only, a tax ID number, but that instead, pursuant to the Trading with the Enemy Act and the Emergency Banking Act, he was fraudulently set up to be a surety debtor and trustee to the United States, with a certificate of live birth person-corporation business entity underwritten and indebted by a social insurance policy of the German Empire, which is what the Trading with the Enemy Act states. Id. at 5-6. He asserts that mistakenly, unknowingly, he accepted office of trustee (id. at 6), acting as trustee to an implied trust by use of the numbers of the social security card to get a job and open bank accounts and, although in error, signed forms and applications as citizen of the United States even though he is actually a National of Wisconsin. Id. at 6-7.

---

[4] Bechard included the Secretary of the Treasury as defendant. No formal appearance has been entered on the Secretary's behalf, albeit it is unclear whether he was properly served. Assuming he was so served and that entry of default would have been appropriate, it would not entitle Bechard to a favorable judgment. See, Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)("[A] defendant's default does not in itself warrant the court in entering a default judgment"). Once default is entered, it remains for the court to consider whether the properly pleaded facts sustain a legitimate cause of action, for a party in default does not admit mere conclusions of law. Id. (vacating default judgment because pleadings were insufficient to support the judgment). See also, 10A Charles A. Wright, Arthur Miller & Mary K. Kane, Federal Practice and Procedure § 2668 at 63 (3d ed. 1998)(discussing issue). Moreover, pursuant to Rule 55(e) of the Federal Rules of Civil Procedure, no default judgment shall be entered against the United States, its officers or agencies "unless the claimant establishes a claim or right to relief by evidence satisfactory to the court." As is apparent from the discussion in the text, Bechard does not satisfy this test.

[5] District Judges have Court Reporters as part of their staff when presiding over the different proceedings held before them. Among other responsibilities listed in 28 U.S.C. § 753, reporters are responsible for promptly transcribing, when requested, the original record of all proceedings held before the judge and prepare and file a certified transcript of the same. The transcript is available, following applicable rules and regulations, to parties who have arranged payment. Also, it is available at the request of a judge, at no charge to the court. District Judges have access to the rough drafts of the transcripts before a formal request is made by any interested party, or the transcript is filed for the record in the court.

Bechard claims that according to the Trading with the Enemy Act, Congress first created a corporation called the United States, and then created corporations out of people, that have a legal name, the same as their given name at the time of birth, which is no good unless it has some debt, leading the Federal Government of the United States to withhold money at the Treasury. Id. at 15. He contends that pursuant to the Trading with the Enemy Act, the Federal Government did so through insurance companies. Id. at 16. To this end, he argues that Congress amended the Trading with the Enemy Act removing the German Empire and replacing it with other United States corporations, and that the Social Security Administration is actually an insurance company that underwrites the Fourteenth Amendment person corporation. Id.

Bechard states that because he is a trustee fraudulently induced to sign a social security card, he should be released of debts related to the implied trust he is a part of, meaning, the debts of the United States. Id. at 22. In his view, release as trustee would default him back to being a National of Wisconsin, and as one who is a National, also a Foreign Diplomatic Officer. Id. at p. 46). As such, he believes he is entitled to have the court to declare him a National of the nation-state of Wisconsin and Foreign Diplomatic Officer, and to have the Secretary of State include him and his family in a special Blue List and issue an alien registration number. Id. at 20.[6] Further, he asks to be paid at least $5,000,000,000 in recovery of prize in admiralty (Docket No. 74-1). In this end, he asserts the vessels in Exhibit I of Docket No. 74 are traded every day and that unfathomable amounts of private banking transactions are associated with those vessels, but discovery would be a daunting endeavor to capture and quantify all transactions especially since the Federal Reserve Association is a privately held entity. Id. at 1.

---

[6] The Secretary of State is not a party to this action.

B. Analysis

The Trading with the Enemy Act was enacted to allow allies and non-enemies of the United States to recover property vested with the United States government during World War I. See, Bechard, 2014 WL 7366226 at *2 (referring to statutory purpose).[7] Bechard has not alleged any facts showing he has a right to relief under this statute. The Western District of Wisconsin rejected allegations similar to those Bechard brought here as insufficient to sustain what he claims entitlement to in connection with social security and the Trading with the Enemy Act. Id. Seen in this light, there is no connection between Bechard, social security, national debt and property vested in the United States within the scope of the statute. To this extent, the pleadings as supplemented by the arguments Bechard presented at the hearing fail to support a cognizable cause of action. See, Troelle v. United States, 2010 WL 3982349, *1-*2, *4-*5 (Fed. Cl. Oct. 6, 2010)(dismissing *pro se* plaintiff's claim for $1.3 Million in damages linked to allegations that issuance of birth certificate and social security number allowed the Social Security Administration to create a counterfeit security on his name which was taken from him and entitled him to damages, a claim the court described as frivolous, based on fanciful factual allegations and faulty legal conclusions).

Beyond the Trading with the Enemy Act, Bechard asserts the suit contains admiralty claims, his intent having been to file the suit directly into the "Admiralty Division's Prize Court in Equity," describing the nature of the suit as adjudication of trusts in exclusive jurisdiction of equity, and the subject matter jurisdiction as one over that trust provided by suits in admiralty (Docket No. 74-1). The record does not, however, show, and Bechard has not explained, how a trust as has

---

[7] Samuel Anatole Lourie, "The Trading with the Enemy Act," 42 Mich. L. Rev. 205 (1943) discusses the statute, analyzing its origin, evolution, and application from 1917 to 1942.

been referred to in the pleadings gives rise of a claim in admiralty or maritime law. As the sister court found in Bechard, Opinion and Order at Docket No. 24 in Civil No. 18-1269 (D.P.R. October 16, 2018), there is no subject matter jurisdiction predicated on admiralty, given that Bechard invokes admiralty jurisdiction but does not aver meritorious facts to plead an admiralty or maritime claim. See, Id. at p. 3.[8] If those claims are related to the theory predicated on the Trading with the Enemy Act, for the reasons explained, they fail on the merits.

Finally, in a supplemental pleading, Bechard refers to problems he has confronted in Wisconsin involving libel, marriage license, legislative cases, land and improvements lost due to foreclosure and final decrees in cases related thereto (Docket No. 72). The pleadings utterly fail to articulate a factual or legal basis to sustain a claim, any claim, against the parties involved in those matters, much less one in admiralty or linked to the Trading with the Enemy Act and the line of argument summarized above. Further, assuming personal jurisdiction may be asserted over those parties – a questionable proposition considering the absence of allegations that those parties had continuous and systematic contacts with Puerto Rico or showing they purposefully availed themselves of the privilege of conducting activities in Puerto Rico, thereby invoking the benefits and protection of Puerto Rico's laws to make their involuntary presence before Puerto Rico courts foreseeable and reasonable – the court would lack venue to entertain claims against them, for none of the acts Bechard complains of occurred in Puerto Rico.[9]

---

[8] As pointed out earlier, Bechard asks to be paid at least $5,000,000,000 in recovery of prize in admiralty (Docket No. 74-1). In this end, he asserts that the vessels in Exhibit I of Docket No. 74 are traded every day and unfathomable amounts of private banking transactions are associated with those vessels, but that discovery would be a daunting endeavor to capture and quantify all transactions especially since the Federal Reserve Association is a privately held entity. Id. at 1. There are no vessels described or identified in Exhibit I of Docket No. 74 or anywhere else in this case.

[9] In essence, these formulations correspond to the two recognized types of personal jurisdiction: general and specific. For a comprehensive discussion of this topic, see, PREP Tours v. American Youth Soccer Organization, 913 F.3d 11 (1st Cir. 2019).

Pursuant to Section 1406(a) of Title 28 of the United States Code, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Given that the allegations are so lacking in merit, transferring the matters raised in the supplemental pleading would not be in the interests of justice. See, Troelle, 2010 WL 3982349, at *5 & n.9 (not transferring *pro se* case under 28 U.S.C. § 1631); Bechard, Opinion and Order at Docket No. 24 in Civil No. 18-1269 (D.P.R. October 16, 2018)(not transferring Bechard's *pro se* case under 28 U.S.C. § 1406).

## IV. CONCLUSION

Having painstakingly reviewed the allegations set in all of the pleadings and documents filed and examined the arguments made during the hearing in light of applicable law, Bechard has failed to bring forth a cognizable cause of action. Therefore, the case is DISMISSED. Judgment shall be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, this 31st day of January, 2019.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge